OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, classifying defendant-appellant, Thomas Waryck, Sr., as a sexual predator, thereby requiring him to register in accordance with R.C. 2950.01, et seq.
Appellant was found guilty of rape, in violation of R.C.2907.02, for which he was serving an indefinite incarceration term of not less than seven years, nor more than twenty-five years. On August 7, 1997, the Ohio Department of Rehabilitation and Correction mailed the trial court a letter recommending that appellant be classified as a sexual predator. Attached to this letter was the screening instrument which the Ohio Department of Rehabilitation and Correction used in making its determination.
The trial court subsequently conducted a hearing on January 25, 1999. At that hearing, appellant was determined to be indigent and was appointed counsel. Thereafter, at this same January 25, 1999 hearing, the trial court classified appellant as a sexual predator, as stated in the trial court's journal entry filed January 27, 1999. The trial court, while not vacating its earlier classification, then apparently reviewed its own decision, suasponte, as the sexual predator hearing was continued first until February 1, 1999, then again until February 8, 1999. The trial court conducted another hearing on February 8, 1999, and appellant was present with counsel. Plaintiff-appellee, State of Ohio, presented only the screening instrument and recommendation from the Ohio Department of Rehabilitation and Correction into evidence. Appellant similarly did not offer any witnesses, but his counsel provided a statement on appellant's behalf.
The trial court subsequently classified appellant as a sexual predator, thereby reaffirming its earlier decision, as stated in its journal entry dated February 10, 1999. Appellant was thereby required to register. in accordance with R.C. 2950.01, et seq.
This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE COURT ERRED TO DEFENDANT'S PREJUDICE IN NOT AFFORDING TO HIM A HEARING AS REQUIRED BY R.C. 2950.09 (C)."
 2950.09 (C) (2) states, in pertinent part:
 "* * * The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record."
Appellant essentially argues that he was not provided a hearing as required under R.C. 2950.09 (C). An initial hearing occurred on January 25, 1999, wherein appellant was first appointed counsel. The trial judge's original journal entry filed on January 27, 1999, indicated that appellant was then classified as a " sexual predator." The fact that appellant was appointed counsel and classified as a "sexual predator" at the same hearing raises questions of whether appellant received a meaningful hearing pursuant to R.C. 2950.09 (C). However, the trial court apparently reviewed its own decision, sua sponte, and after continuing the hearing twice, ultimately conducted another hearing pursuant to R.C. 2950.09 (C) on February 8, 1999. At this hearing, appellant was present with counsel and was provided an opportunity to present evidence. Appellee was also permitted to produce evidence and did present the screening instrument of the Ohio Department of Rehabilitation and Correction. The trial court subsequently found appellant to be classified as a "sexual predator" based upon this February 8, 1999 hearing. Therefore, appellant was provided with a hearing pursuant to R.C. 2950.09 (C), on February 8, 1999.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE COURT FAILED TO DETERMINE SEXUAL PREDATOR CLASSIFICATION BY CLEAR AND CONVINCING EVIDENCE."
R.C. 2950.09 (C) provides that a trial court must conduct a hearing if it agrees with the state correctional institution's recommendation to classify a defendant as a sexual predator. R.C. 2950.09 (C) further provides that at such hearing, the trial court must consider the factors set forth in R.C. 2950.09 (B)(2). A trial court may consider other factors, however, the factors under R.C. 2950.09 (B)(2) include:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
Furthermore, R.C. 2950.09 (C) states that a trial court may only classify a defendant as a sexual predator after finding such classification proper by clear and convincing evidence. InState v. Woodburn (March 23, 1999), Columbiana App. No. 98 CO 6, unreported, this court defined clear and convincing evidence, stating:
 "* * * [clear and convincing evidence is] that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. V. Masengale (1991), 58 Ohio St.3d 121, 122."
R.C. 2950.01 (E) defines a sexual predator as one who has been convicted of or pleaded guilty to a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future.
In the present matter, while the trial court made reference to a transcript from a prior hearing, it is unclear upon which date this prior hearing was held. Furthermore, appellee concedes that, "On February 8, 1999, Appellant appeared with counsel, and the hearing occurred." Therefore, this court will consider the evidence presented at the February 8, 1999 hearing to determine whether the trial court's classification was supported by clear and convincing evidence.
At the February 8, 1999 hearing, the trial court was presented with the screening instrument of the Ohio Department of Rehabilitation and Correction. The trial court based its classification of appellant as a sexual predator solely upon this screening instrument, as the prosecutor did not provide any additional evidence or witnesses. The screening instrument was admissible into evidence as the rules of evidence did not apply to appellant's sexual predator hearing. State v. Cook (1998),83 Ohio St.3d 404. However, this instrument alone did not provide enough evidence to classify appellant as a "sexual predator.
In State v. Baughman (May 4, 1999), Franklin App. No. 98 AP-929, unreported, the trial court classified the defendant as a sexual predator. In so classifying the defendant, the trial court was only presented with the charged crime which constituted the sexually oriented offense. The trial court in Baughman did not have testimony or other evidence before it to demonstrate that the defendant was likely to repeat one or more sexually oriented offenses. The appellate court in Baughman held that the trial court's classification of the defendant was not supported by clear and convincing evidence.
In contrast to Baughman, supra, the trial court in State v.Nauman (Sept. 18, 1998), Lucas App. No. L-97-1342, unreported, classified the defendant as a sexual predator after considering several items of evidence including: the age of the defendant; prior offenses; a recidivism sheet; a victim statement; a pre-sentencing report; and a report from the court diagnostic and treatment center indicating that the defendant had a long history of sexual deviance with a pattern of abuse and that the defendant did not seek treatment. The court in Nauman held that such classification was founded upon clear and convincing evidence.
While these two cases illustrate the evidentiary extremes, the present case is similar to Baughman, supra. In the case at bar, as in Baughman, the only sexually oriented offense presented to the trial court was the charged crime. The trial court relied exclusively upon the recommendation and screening instrument of the Ohio Department of Rehabilitation and Correction. This screening instrument only listed the ages of the victims, and stated that there were three victims in the charged crime. The screening instrument mentioned another potential sexually oriented offense committed in California, but it did not provide any details of this potential offense. It cannot be said from the record presented whether appellant was charged with a sexually oriented offense in California and later acquitted, or if appellant was convicted of such sexually oriented offense.
Moreover, there was nothing in the record indicating that the trial court considered all of the factors listed in R.C. 2950.09 (B) (2). The trial court based its decision upon the screening instrument and recommendation of the Ohio Department of Rehabilitation and Correction. R.C. 2950.09 (C)(2) requires that the trial court consider the factors set forth in R.C. 2950.09 (B) (2) in agreeing with such recommendation. This requirement indicates that the trial court must make its own finding that a defendant is a sexual predator and may not merely use the recommendation of the state correctional institution. If the trial court could simply base its decision solely upon such recommendation, without hearing any specific evidence to support the findings of the state correctional institution's recommendation, the hearing would become a mere formality. A trial court would be permitted to adopt the state correctional institution's recommendation as its position, without hearing any evidence to support its classification, and then conduct a hearing to meet the requirements of R.C. 2950.09 (C) (2). Such proceeding would contradict the purpose of the hearing.
Given that the trial court based its classification of appellant upon the screening instrument of the Ohio Department of Rehabilitation and Correction, such classification was not established by clear and convincing evidence.
Appellant's second assignment of error is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
DONOFRIO, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE